UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ALFRED ROBINSON, JR.,

    Plaintiff,

v.  ACTION NO. 4:11cv89

LAURIE WATKINS,
Regional Commissioner,
Social Security Administration,

    Defendant.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action seeking (1) a copy of his medical records in relation to his application for Supplemental Security Income ("SSI"), and (2) damages due to defendant's failure to timely produce the records. This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference filed July 22, 2011. The undersigned recommends that Defendant's Motion to Dismiss (ECF No. 5) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) be GRANTED.

### I. Procedural Background

Plaintiff Alfred Robinson Jr. brought this action in the General District Court for the City of Newport News by filing a Warrant in Debt (Civil Claim for Money) against Laurie Watkins, Regional Commissioner Social Security. Notice of Removal Ex. A, ECF No. 1-1. The Warrant in

Debt stated, "Plaintiffs claim that Defendant(s) owe Plaintiff(s) a debt in the sum of $15,000.00 net of any credits, with interest at 6 % from doj until paid. $58.00 costs and $ ___ attorney's fees with the bases of their claim being For medical record." Id. Defendant filed a Notice of Removal (ECF No. 1) with the Clerk of this court on May 25, 2011, along with a Motion for More Definite Statement (ECF No. 2). Plaintiff filed a response (ECF No. 3) to the Motion for More Definite Statement on June 8, 2011, restating the information in the Warrant in Debt, and adding the following allegations: (1) on May 24, 2010, Plaintiff signed a medical release and requested his medical record information from the Social Security Administration; (2) between May 24, 2010 and March 25, 2011, he had no response from the Social Security Administration; (3) the "act was wrongful;" (4) failure to fully develop the record is "prejudice;" (5) "no state shall deprive any person lift [sic], liberty or property without due process of the law nor deny any person within it jurisdictions the equal law;" and, (6) Plaintiff is seeking "15,000,00 [sic] for the down payment toward medical."

Defendant filed a Motion to Dismiss, or in the Alternative for Summary Judgment on June 29, 2011. Plaintiff filed a response (ECF No. 14) on July 15, 2011, along with two documents entitled Affidavit of Written Statements (ECF Nos. 12 and 13). A hearing was held before the undersigned on July 27, 2011. Plaintiff Alfred Robinson, Jr., appeared *pro se* and Mark A. Exley, Esq., represented Defendant. During the hearing, Defendant provided Mr. Robinson with his entire Social Security Administration record, consisting of 322 pages. Hr'g Tr. 3-4, July 27, 2011, ECF No. 23. A transcript of the hearing was made available to Mr. Robinson. ECF Nos. 22, 23.

Following the hearing, Mr. Robinson filed two documents entitled "Brief" concerning his review of medical records (ECF No. 26 and 28). He also filed a Motion to Amend denial of medical records (ECF No. 29), a Supplemental Response to the Motion to Dismiss (ECF No. 30)

and Motion to Amend Exhibit Q (ECF No. 31). To the extent these motions request that the Court review the information provided by Mr. Robinson, the motions are GRANTED. The Court has considered all filings made by Mr. Robinson in preparing this Report and Recommendation.

## II.  Proposed Findings of Fact

1. Mr. Robinson applied for Supplemental Security Income on March 4, 2010, pursuant to Title XVI of the Social Security Act. 42 U.S.C. §§ 1381-1383f. Def. Mem. Ex. 2, Cummings Decl. ¶ 11, ECF No. 7-2.

2. Mr. Robinson provided the Social Security Administration with a twelve-page letter, including a statement that he had been "trying to obtain necessary needed medical report information from the Social Security Administration since 2008." Def. Mem. Ex. 3, Pl.'s Letter, page 3, ¶ 3, ECF No. 7-3.

3. Plaintiff's application was denied at the initial determination level on September 10, 2010. Cummings Decl. ¶ 11.

4. On October 13, 2010, Mr. Robinson submitted a request for medical records obtained by the Social Security Administration in connection with his application. For unknown reasons, this request was not processed. Id. at ¶ 6.

5. Mr. Robinson's application was denied at the reconsideration level on March 25, 2011. Id. at ¶ 11.

6. On May 16, 2011, Mr. Robinson filed a request for a hearing before an administrative law judge, which is currently pending at the Office of Disability Adjudication and Review in Norfolk, Virginia. Id. at ¶ 11.

7. Michael K. Cummings, the District Manager of the Social Security Administration Hampton, Virginia District Office was informed on June 7, 2011, that Mr. Robinson had filed a

lawsuit in the General District Court for the City of Newport News related to his request for medical records in connection with his claim for SSI. Id. at ¶ 5.

8. Mr. Cummings reviewed the visitor reports from the Hampton District Office's Visitor Intake Program, and discovered that no action had been taken following Mr. Robinson's October 13, 2010 request for medical records. Id. at ¶ 6.

9. Mr. Cummings contacted Mr. Robinson by phone on June 8, 2011 and June 9, 2011 to ask whether Mr. Robinson wanted his medical record sent to him. Id. at ¶¶ 7, 8. On June, 8, 2011, Mr. Robinson asked Mr. Cummings to call back the following day. Id. at ¶ 7. On June 9, 2011, Mr. Robinson stated that he was "in court" and was "not really supposed to talk about it now." Id. at ¶ 8.

10. On June 13, 2011, Mr. Cummings sent Mr. Robinson a copy of his medical records along with a cover letter stating: "Enclosed is a copy of all medical records stored under your name in the Social Security System of Records." Id. at ¶ 9. The records were sent via certified mail return receipt requested. Id. at ¶ 10.

11. The package was refused on June 14, 2011. Id. at ¶ 10.

12. During the July 27, 2011 hearing before the undersigned, counsel for Defendant provided Mr. Robinson with the 322 page Social Security Administration record relating to Mr. Robinson's claim for SSI. Tr. 3-4. The record consisted of administrative documents from Mr. Robinson's SSI application as well as his medical record. Id.

### III. Standard of Review

#### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendant contends that the complaint fails to allege facts upon which

4

subject matter jurisdiction may be based. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982). Under these circumstances, the facts alleged in the complaint are presumed to be true. Id. The burden of proving subject matter jurisdiction falls on the plaintiff. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams, 697 F.2d at 1219.

### B. Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint; it "'does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.'" Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (quoting Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). In deciding such a motion, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The Court must accept as true, well-pleaded allegations and construe them in favor of the non-moving party. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss, the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." Id. The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### C. Summary Judgment

When matters outside of the pleadings are presented in a motion to dismiss under Rule 12(b)(6), the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 56. Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Evans v. Techs. Apps. & Serv. Co., 80 F.3d 954, 958-59 (4th Cir.1996) (citations omitted). The party seeking summary judgment has the initial burden of showing the absence of a material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The party opposing summary judgment may not rest upon mere allegations or denials. Rather, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248 (quotation omitted).

### IV. Analysis

Mr. Robinson has received a copy of his medical record from the Social Security Administration, and this claim should be dismissed as MOOT. The only claim remaining is Mr. Robinson's claim for $15,000 in monetary damages due to the agency's failure to timely produce his record. No statute allows Mr. Robinson to pursue these damages against the federal government. Therefore, this claim must be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1).

## A. No Subject Matter Jurisdiction Exists for Mr. Robinson's Claims

Mr. Robinson asserts that his claim for damages due to the Social Security office's failure to timely provide his medical record is based on the First Amendment "right to petition the government" clause and the Fourteenth Amendment due process clause.[1] Resp. to Mot. for More Def. Stmt. 2, ECF No. 3; Suppl. Resp. to Mot. to Dismiss 4-5, ECF No. 30. Neither of these clauses allows Mr. Robinson to bring a claim for monetary damages for the Social Security Administration's failure to timely provide him with his records. Further, the Social Security Act does not provide for subject matter jurisdiction here, as Mr. Robinson has not completed the four-step administrative review process necessary prior to bringing a claim in this court under the Social Security Act.

The United States cannot be sued without its consent.

> It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.

U. S. v. Mitchell, 445 U.S. 535, 538 (1980) (internal citations omitted). The reason for sovereign immunity has been explained by the Supreme Court.

> The doctrine rests upon reasons of public policy; the inconvenience and danger which would follow from any different rule. It is obvious that the public service would be hindered, and the public safety endangered, if the supreme authority could be subjected to suit at the instance of every citizen, and consequently controlled in the use and disposition of the means required for the proper administration of the government. The exemption from direct suit is, therefore, without exception. This doctrine of the common law is equally applicable to the supreme authority of the nation, the United

---

[1] The Fourteenth Amendment provides, in part, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." The Fifth Amendment provides, in part, "No person shall . . . be deprived of life, liberty, or property, without due process of law." In this case, brought against a federal agency, the Fifth Amendment due process clause applies.

>States. They cannot be subjected to legal proceedings at law or in equity without their consent; and whoever institutes such proceedings must bring his case within the authority of some act of Congress.

The Siren, 74 U.S. (7 Wall.) 152, 154 (1868). Neither the First Amendment to the United States Constitution, nor the Fifth Amendment provides a waiver of sovereign immunity, allowing Mr. Robinson's claim for damages against the social security administration. See Gould v. United States, No. 3:06cv00008, 2007 WL 2325177, at 5 (W.D. Va. Aug. 9, 2007) ("Plaintiff's citation of his First Amendment right to petition the government for redress of grievances does not achieve a waiver of sovereign immunity . . . He certainly has every right to complain to the government about his taxes, but he cannot maintain a suit in the absence of jurisdiction."); F.D.I.C. v. Meyer, 510 U.S. 471, 483-86 (1994) (holding the Fifth Amendment's Due Process Clause does not provide a substantive claim upon with relief can be granted against the United States).

In addition, Congress has strictly limited this court's jurisdiction to review claims arising under the Social Security Act. See Heckler v. Ringer, 466 US. 602, 614-16 (1984); Weinberger v. Salfi, 422 U.S. 749, 760-61 (1975). Judicial review is permitted only in accordance with § 405(g), permitting review of the "final decision of the [Commissioner] made after a hearing." Califano v. Sanders, 430 U.S. 99, 108 (1977). Under the Social Security regulations, a "final decision" is only reached after a plaintiff completes a four-step administrative review process, comprised of: (1) initial determination, (2) reconsideration, (3) decision of an administrative law judge following a hearing, and (4) review by the Appeals Council. See 20 C.F.R. §§ 404.900(a) (2011). See also Califano, 430 U.S. at 102. Mr. Robinson has not yet completed this four-step administrative review process. His request for review before an administrative law judge is currently pending at the Office of Disability Adjudication and Review. Cummings Decl. ¶ 11.

Should Mr. Robinson's claim for SSI benefits be denied following an administrative hearing and review by the appeals council, this Court would have jurisdiction to review the decision with regard to those benefits. However, the limited jurisdiction of this Court would not allow the Court to award damages for the Social Security Administration's failure to timely provide Mr. Robinson with his medical record. Therefore, Mr. Robinson has failed to show subject matter jurisdiction.

### B. Mr. Robinson Fails to State a Claim Upon Which Relief Can be Granted

Moreover, no statute provides Mr. Robinson with an avenue to pursue his claim for damages. Mr. Robinson has filed his claim without the assistance of counsel. As a result, the Court will liberally construe his pleadings in addressing this motion to dismiss. See Webb v. Deboo, 2011 WL 1453922 (4th Cir. Apr. 15, 2011) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Even when given the most liberal construction, however, Mr. Robinson's claims must be dismissed under Fed. R. Civ. Proc. 12(b)(6) for failure to show a claim for which relief can be granted. See Ashcroft, 129 S.Ct. at 1949. What remains of Mr. Robinson's claims, after receiving his medical record, is Mr. Robinson's demand for $15,000 in monetary damages to compensate him for the Social Security Administration's failure to timely provide him with his record. Neither the Social Security Act, nor the Privacy Act provide for an award of monetary damages in such an instance.

The Social Security Act does not provide a cause of action for monetary damages. See 42 U.S.C. § 405 et seq.; De Lao v. Califano, 560 F.2d 1384, 1390 (9th Cir. 1977). The Privacy Act, 5 U.S.C. § 552a, does provide relief to a plaintiff who is being denied access to his record. 5 U.S.C. §§ 552a(d)(1), (g)(1)(B), (g)(3)(A). The relief provided is that the plaintiff will be given access to the record, and for monetary damages if an agency's persistant refusal to allow access is

"intentional and willful." See Doe v. Chao, 435 F.3d 492, 504 (4th Cir. 2006). Mr. Robinson has now received his medical record from the Social Security Administration. Although it was not produced as expeditiously as it could have been, the Social Security Administration has not intentionally or willfully kept Mr. Robinson from accessing the record. Therefore, this Court cannot grant monetary damages to Mr. Robinson for the delay in getting his records. Accordingly, the Court recommends that this action be dismissed.

## V. Recommendation

For the foregoing reasons, the Court recommends that Defendant's Motion to Dismiss the Complaint (ECF No. 5) be GRANTED and that this action be DISMISSED pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6). Defendant's Motion for Summary Judgment (ECF No. 6) should be DENIED as MOOT.

## VI. Review Procedure

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and

recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.   Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
October 13, 2011

11

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Alfred Robinson, Jr.
135 Lassiter Drive
Apt. 101
Hampton, VA   23606


Mark A. Exley, Esq.
United States Attorney Office
101 W. Main St.
Suite 8000
Norfolk, VA   23510


                                       Fernando Galindo, Clerk

                            By _____
                                  Deputy Clerk

                                  October        , 2011